RAY B. WILSON et al. vs. MARY C. WILSON et al.

NEWPORT—OCTOBER 31, 1903.

PRESENT: Stiness, C. J., Tillinghast, and Douglas, JJ.

(1) *Equity. Highways. Damages. Attorney and Client. Accident and Mistake.*

A., deceased, providing by will that his wife should have the rents and profits of the real estate for life, and after her death his daughters B. and C. should enjoy the same for life or until their marriage, and then the estate should vest in fee in his heirs. In 1892 A. sold to the complainants, certain of his heirs, who with the respondents B. and C. were the owners of the fee subject to the estates for life, his business which he had carried on upon the land referred to, and thereafter the complainants carried on the same, and in 1900 erected on the premises a building set on posts, so that it could be removed. In 1901 a highway was laid out over a portion of this land. Complainants agreed with the commissioners appointed to assess damages to allow for the land taken for the highway $1,500; for the building, $1,000; and for the injury done complainants' business, $2,000. The commissioners filed a report stating that the heirs of A. had sustained damage to the extent of $4,500, and that they had agreed with them upon that sum; but omitted any statement as to how the amount was to be divided. This report was received and confirmed by the board of aldermen. From this decree complainants appealed; but upon advice of counsel that upon the appointment of a trustee to receive the award they would be given the amount they claimed, they discontinued the appeal. In May, 1902, a trustee was appointed under Gen. Laws, cap 71, § 16, to receive the award, with instructions to expend the sum of $1,500 for a lot of land and removal of buildings to the same, and to invest the balance. Complainants agreed to such appointment, by advice of counsel and ignorant of its terms, believing that they would be paid the sum agreed on with the commissioners. Upon bill alleging that complainants had been deprived of a jury trial of their appeal, and claiming that the trustee should be charged as trustee for them to the extent of $3,000:—

*Held*, that the respondents were not parties to the agreement made with the commissioners, and were not bound to repair the omission of the latter. No act of the respondents in relation to the award (which was satisfactory to them) deceived the complainants, and the respondents were entitled to the award as made.

*Held*, further, that any equitable claim of the complainants to the fund depended upon their rights in the land taken, and not on the ground of an agreement to which the other parties were not privy.

*Held*, further, that the bill nowhere alleged that complainants had any estate in the land except as cotenants with the other heirs of the remainder in fee.

*Held*, further, that the bill was fatally defective in not stating any original right which the decree infringed, and hence it was immaterial by what means complainants were prevented from asserting their claim.

(2)  *Attorney and Client.*

*Held*, further, that respondents had a right to suppose that complainants' counsel had full authority to sign the consent decree so long as complainants held him out as their solicitor.

BILL IN EQUITY on facts set forth in opinion.  Heard on demurrer to bill, and demurrer sustained.

DOUGLAS, J.  This bill alleges: That James H. Wilson, late of Newport, deceased, was in his lifetime the owner in fee simple of certain real estate situated in Newport.  That he died so seized, March 5, 1898, leaving a will which provided that his wife, Mary C. Wilson, should have the rents and profits of the real estate for life; and after her death his daughters, Edna and Mary, should enjoy the same as long as they should live, or until their marriage, and then the estate should vest in fee in the heirs of the testator.  That all the parties interested are parties to this cause.  That the said James H. Wilson, in 1892, sold to the complainants his business of blacksmith and wheelwright which he had carried on upon the land referred to, and thereafter the complainants carried on the same and built up a large and lucrative business there.  That in 1900 they erected on the premises a large building set on posts, so that it could be removed by them, which cost them $1,200, and which they did not intend to attach to the real estate.  That in 1901 the board of aldermen laid out a highway over a portion of this land, and appointed commissioners to agree with the parties injured, or to assess the damages.

That the complainants met the commissioners and the commissioners agreed with them to allow for the land taken for the highway $1,500; for the complainants' building, $1,000; and for the injury done to the complainants' business by removal, $2,000.  That the commissioners filed a report in which they stated that they were of the opinion that the heirs of James H. Wilson had sustained damage, by reason

of the highway passing through their land, to the extent of $4,500, and that they had agreed with them upon that sum, but omitted from the report any statement as to how the amount was to be divided. This report was duly received and confirmed by the board of aldermen. From this decree of confirmation the complainants took an appeal, and employed counsel to prosecute the same; but afterwards, being advised by said counsel that on the appointment of a trustee to receive the award they would be given the amounts they claimed, as aforesaid, they discontinued the appeal.

That in May, 1902, some of the parties hereto filed a petition in equity asking for the appointment of a trustee, under the provisions of Gen. Laws, cap. 71, § 16, to receive the award and hold it invested for the parties interested, and on May 28, 1902, a decree was entered appointing such trustee, with instructions to expend the sum of $1,500 for the purchase of a lot of land and the removal of buildings to the same, and to invest the balance of the fund. That the complainants "by advice of counsel agreed to the appointment of said trustee, they being informed and believing that upon such appointment and the entry of such decree therein they would be paid by said trustee the sums aforementioned for said building and for the injury to their business, as agreed upon with said commissioners. And they say that it was only long afterwards that they ascertained that such was not the case, and their said trustee was in no way authorized to pay such sums to them under said decree, and they say that they were never informed that said decree provided for the purchase of land and the removal of the buildings on the land taken for said highway, the said proposed purchase and the investment of the remainder of said fund; and if they had been informed of the same they never would have agreed thereto, and they say that they were wholly ignorant of the same, and if the same was assented to by their counsel the same was done by him without their consent. The same was done by him without their consent and without communicating with them in regard to the same."

That the respondent J. Truman Burdick was afterwards

substituted as trustee for the person originally appointed, and that he received and holds the amount of the award.

That said Burdick, trustee, entered upon the land and tore down the building and refused to allow the complainants to remove the same from the premises. That by reason of the foregoing the complainants have been deprived of a jury trial of said appeal, and of a full, fair, and impartial hearing in the matter of the entry of the decree appointing the trustee and directing the disposition of the fund, and their claim is that the said trustee should be charged as trustee for them with respect to $3,000 of said fund of $4,500 and directed to pay the same to them.

To this bill the respondent Mary C. Wilson, the widow, and the respondents Edna L. Wilson and Mary A. Wilson, two unmarried daughters of the said James H Wilson, deceased, have filed a plea and a demurrer.

The plea states: "That to so much thereof as alleges or attempts to allege and set up any agreement with the said respondents, or that they or either of them ever made any agreement or entered into any arrangement either directly or indirectly, or by any person authorized to represent them in the said matter set forth in said bill of complaint with the said complainants or either of them by which the said complainants were to receive the sum of two thousand dollars or any other sum as a part of the award of $4,500 made by the said board of aldermen to the devisees of said James H. Wilson, deceased, for damages to the land of the devisees of said James H. Wilson by reason of the said extension of said Central Court, or to receive such sum or any other sum in any other way, these respondents utterly and entirely deny the same."

The demurrer which is to the rest of the bill is interposed on the ground that the bill states no ground of equitable relief as against these defendants.

The plea seems based upon a misapprehension of the statements of the bill. The complainants do not say that in the agreement which they made with the commissioners they represented or were authorized to represent any person but

themselves, or that the respondents knew of or assented to the agreement which the complainants allege was made by the commissioners and the complainants. Complainants' counsel at the hearing assented to this construction of the allegation, and by setting down the plea for hearing admitted it to be true.

The plea may have served the useful purpose of disclosing the contention of the complainants in this regard, but as it is not responsive to the bill it must be overruled.

The demurrer raises the question whether the complainants stated a case which gives to them, as against these respondents, a claim in equity to a large part of the fund which was awarded to the legatees under the will of James H. Wilson, deceased, and which is now held, under a decree of this court, in trust for said legatees.

(1) It seems very clear that the first ground upon which the claim is based is untenable. It amounts to this—that without the knowledge of the respondents the commissioners made an agreement with the complainants which they did not perform. No act of the respondents made them parties to it, and they are not bound to repair the omission of the commissioners. The award as made was satisfactory to the respondents, and they silently acquiesced in it. They have not deceived or misled the complainants by their act, and as a judgment in their favor they have a legal and equitable right to claim the benefit of the award as it was made.

If the complainants have any equitable claim in the premises, it must be because of some special actual right which they had in the land taken; on the ground that the fund was, as a matter of fact, compensation for something which was taken away from them; not on the ground of an agreement to which the other parties to this suit were not privy.

But the bill nowhere alleges that the complainants had any estate in the land except as cotenants with the other heirs of the remainder in fee. It alleges that they built the building and did not intend it to become part of the real estate; but from the bill itself it appears that this was done after their father's death, and while the widow was seized of the freehold

for her life.   The bill nowhere states by what title the complainants were in possession.   If they were trespassers, the city took nothing which they owned. . If they were tenants of the widow, the nature of their tenancy should be set forth.

The bill is thus fatally defective in not stating any original right which the decree infringed.   Hence, the complainants' claim having no validity, so far as appears by this bill, it is immaterial by what means they have been prevented from asserting it.   But their complaint in this regard does not involve these respondents.   They say that their counsel misled them in one instance, and misrepresented them in another. If this misconduct has caused them damage, the law affords them a complete remedy—not in this case to which the counsel is not a party, but in suitable proceedings against him.

(2) . The respondents had a right to suppose that the complainants' counsel had full authority to sign the consent decree, so long as the complainants held him out as their solicitor.

The only other allegation of wrong is that the respondent Burdick refused to allow the complainants to remove their building, and himself tore it down.   This would seem to give them an action of trespass against him, but it is not a matter which concerns the other respondents.

The demurrer to the bill is sustained.

*Thomas W. Robinson and Claude J. Farnsworth,* for complainants.

*William P. Sheffield, Jr.,* for respondents.